UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-03-S-2604-M |
| | ) |
| BILL VAN HORN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute.[1] Plaintiff responded by filing a motion for entry of final default judgment against defendant.[2] Plaintiff seeks a default judgment in the amount of $150,000.00 in statutory damages, plus $400.00 in attorneys' fees and costs, for a total amount of $150,400.00. Plaintiff asserts it is entitled to this sum due to defendant's fifteen alleged violations of either 18 U.S.C. § 2511(1)(a), or 47 U.S.C. § 605(e)(4).[3]

47 U.S.C. § 605(e)(4) extends liability to

> [a]ny person who manufactures, assembles, modifies, imports,

---

[1]Doc. no. 8.

[2]Doc. no. 10.

[3]Plaintiff's brief argues defendant's default liability under these two statutes in the alternative. *See* plaintiff's brief in support of motion for default judgment (doc. no. 11). Plaintiff's complaint also asserts claims under 47 U.S.C. § 605(a), 18 U.S.C. § 2512, and Alabama state law. *See* complaint (doc. no. 1).



> exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section . . . .

Plaintiff's entitlement to civil damages for a § 605(e)(4) violation is governed by 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that "for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."

18 U.S.C. § 2511(1)(a) extends liability to any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Plaintiff's entitlement to civil damages for a § 2511(1)(a) violation is governed by 18 U.S.C. § 2520(c)(2), which provides that

> the court may assess as damages whichever is the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

> Count Four of plaintiff's complaint, alleging a violation of § 605(e)(4), states:
>
> > Upon information and belief, Defendant knowingly, [sic] manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device

or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity. Upon information and belief, Defendant actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV Satellite Programming. Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.[4]

Count Two of plaintiff's complaint, alleging a violation of § 2511, states that

> Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. Defendant further disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having a reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511. Upon information and belief, Defendant further intentionally used or endeavored to use the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.[5]

Plaintiff asserts that it is entitled to default judgment because its complaint allegations must be taken as true.[6] Plaintiff's assertion seems, at first blush, to be correct, because "[a] defendant, by his default, admits the plaintiff's well-pleaded allegations *of fact*, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Construction Co. v.*

---

[4] Complaint (doc. no. 1), at ¶ 41.
[5] *Id.* at ¶ 33.
[6] Plaintiff's brief in support of motion for default judgment (doc. no. 11), at 4.

*Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis supplied).[7] Even so,

> a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered .... The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.

*Id.*

The § 605(e)(4) and § 2511(1)(a) claims in plaintiff's complaint amount to little more than conclusory legal allegations. Defendant cannot be held, by the simple fact of his default, to admit these legal conclusions. The only evidence plaintiff has submitted is an affidavit from its attorney, Lee Sheppard, stating that Sheppard read the complaint and knows of its contents; that defendant is in default for failure to appear in this action; and that defendant is not, to Sheppard's knowledge, an infant or incompetent person, or in military service or otherwise exempted from suit by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. § 501 *et seq.*[8] This affidavit accomplishes nothing other than to reiterate the allegations in plaintiff's complaint, and to establish that the clerk's entry of default was proper. Plaintiff has

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[8]Doc. no. 12 (Affidavit of Lee L. Sheppard), at ¶¶ 2-4.

failed to present an adequate *factual* basis to support a finding of liability against defendant, and its motion for default judgment will be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 17th day of May, 2004.

_____
United States District Judge